UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD C. SPRUEL JR.,

    Plaintiff,

    v.

HAROLD CLARKE, *et al.*,

    Defendants.

Case No. C06-5021RJB

ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING CASE

This matter comes before the court on the Report and Recommendation of the Magistrate Judge. Dkt. 62. The court has considered the relevant documents, including plaintiff's objections, and the remainder of the file herein.

PROCEDURAL HISTORY

Plaintiff is a Shi'a Muslim. On January 9, 2006, he filed this civil rights action, alleging that employees of the Department of Corrections violated the Religious Land Use and Institutionalized Persons Act (RLUIPA) when they denied him a halal diet. Dkt. 5, at 8-9.

Plaintiff is provided ovo-lacto vegetarian meals, which do not contain meat. In his complaint, plaintiff claims that defendants have placed a substantial burden on his exercise of religion by providing an ovo-lacto vegetarian diet to meet his religious requirements rather than a halal diet containing meat that is prepared in compliance with Islamic dietary laws. Plaintiff also contends that

ORDER - 1

his rights under RLUIPA have been violated because the food prepared for him has been handled or touched by non-Muslims, in violation of Islamic law. Plaintiff requests "[a] preliminary and permanent injunction ordering defendants Clarke, Williams, Carter, and Duncan to provide plaintiff with an Islamic 'Halal' food diet." Dkt. 5, at 10.

On February 28, 2007, defendants filed a motion for summary judgment, contending that plaintiff cannot show a substantial burden or onus on his exercise of religion under RLUIPA because none of the tenets of Islam requires that plaintiff eat meat, and because defendants have provided a diet that is sufficient to meet his nutritional needs without impeding his ability to practice his religion. Dkt. 56. On April 27, 2007, U.S. Magistrate Judge J. Kelley Arnold issued a Report and Recommendation, recommending that the court grant defendants' motion for summary judgment and dismiss the case. Dkt. 62. In the Report and Recommendation, the Magistrate Judge concluded that (1) plaintiff has not shown that his religious beliefs mandate that he eat meat; (2) requiring the Department of Corrections to hire all Muslim staff to handle and prepare food for Shi'a Muslims would impose restrictions on the Department of Corrections that are not warranted or mandated under RLUIPA; and (3) plaintiff's argument that he cannot eat an ovo-lacto vegetarian diet because this diet is shared by other religious groups such as Buddhists is without merit. Dkt. 62.

Plaintiff filed objections to the Report and Recommendation (Dkt. 63) and defendants filed a reply (Dkt. 64). In his objections to the Report and Recommendation, plaintiff stated that defendants have a primary food vendor, Albertsons, that offers Halal food. Dkt. 63. *See* Dkt. 61, Exh. 1, Declaration of Richard Spruel, at 5-6. Plaintiff stated that inmates are permitted to buy items from Albertsons, using up to $91 of their personal funds. Dkt. 63; Dkt. 61, Exh. 1, at 5-6. Plaintiff contends that he should be permitted to purchase halal food with his personal funds.

## LEGAL STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to

ORDER - 2

make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

### DISCUSSION

42 U.S.C. § 2000cc is the Religious Land Use and Institutionalized Persons Act (RLUIPA), provides in relevant part that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
> (1) is in furtherance of a compelling governmental interest; and

ORDER - 3

(2) is the least restrictive means of furthering that compelling governmental interest. 42 U.S.C. § 2000cc-1(a).

In order to state a *prima facie* case under RLUIPA, a plaintiff must show that the regulation imposes a substantial burden on his religious exercise. *See Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005). If the plaintiff makes this *prima facie* showing, the burden shifts to the government to demonstrate that the regulation furthers a compelling governmental interest and is the least restrictive means of furthering that compelling interest. *Id.; See* 42 U.S.C. § 2000cc-2(b). RLUIPA does not define what constitutes a substantial burden on religious exercise. *San Jose Christian College v. Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004). However, in order for a regulation to impose a substantial burden, the regulation must be oppressive to a significantly great extent. *Id.* That is, a substantial burden on religious exercise must impose a significantly great restriction or onus upon such exercise. *Id.*

The United States Supreme Court has not read RLUIPA as elevating the accommodation of religious observances over an institution's need to maintain order and safety. *See Cutter v. Wilkinson*, 544 U.S. 709, 722-23 (2005). Any accommodation must be measured so that it does not override other significant interests. *Id.* In *Cutter v. Wilkinson*, the Supreme Court noted that Congress anticipated that the courts would apply RLUIPA:

> [W]ith "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources."

*Id.* at 723 (quoting Joint Statement S7775 (quoting S. Rep. No. 103-111, p. 10 (1993), U.S. Code Cong.& Admin. News 1993, pp. 1892, 1899, 1900)).

**1. Request for Halal Meat**

Plaintiff claims that eating halal meat is required by his religion and that defendants have violated his rights under RLUIPA by refusing to provide him with meat that has been prepared and/or handled in accord with Muslim requirements. The court assumes that plaintiff believes that his religion requires him to eat halal meat. Arguably, therefore, defendants' failure to provide him with halal meat burdens the exercise of his religion. Nonetheless, plaintiff has not met his burden to

ORDER - 4

establish that denial of halal meat constitutes a *substantial burden* on the exercise of his religious beliefs. The diet that is provided to plaintiff does not force him to eat meat prepared in a way that is forbidden by his religion. The ovo-lacto vegetarian diet simply denies plaintiff one of the foods that he contends he should be provided. Further, even if plaintiff had met his burden to establish that defendants' conduct constituted a substantial burden on the exercise of his religion, defendants have demonstrated that the Department of Corrections has a compelling interest in reducing costs, streamlining food production, limiting the number of required staff, maintaining consolidation of its vendors, and preventing security risks by providing an ovo-lacto vegetarian diet that does not include halal meat. *See* Dkt. 12, Exh. 2, Declaration of Cheryl Johnson. Defendants have shown that providing an ovo-lacto vegetarian diet is the least restrictive alternative available to further these compelling interests. Defendants' motion for summary judgment should be granted on plaintiff's claim that defendants violated his rights under RLUIPA by refusing to provide him halal meat as part of his diet.

### 2. Request for Meals Prepared by Muslims

Plaintiff contends that his entire diet should be prepared and/or handled by Muslims. To the extent that defendants' failure to provide plaintiff food that has been prepared and/or handled only by Muslims constitutes a substantial burden on the exercise of plaintiff's religion, defendants have shown that they have a compelling interest in reducing costs, streamlining food production, and limiting the number of required staff. This compelling interest outweighs plaintiff's belief that his food should be prepared by Muslims. Defendants' motion for summary judgment should be granted on plaintiff's claim that defendants violated his rights under RLUIPA by having non-Muslims prepare and/or handle his food.

### 3. Diet Shared by Other Religious Groups

Plaintiff contends that he cannot eat the ovo-lacto vegetarian meals provided to him because this diet is shared by other religious groups such as Buddhists. Plaintiff has not met his burden to establish that this practice substantially burdens the practice of his religion under RLUIPA. Defendants' motion for summary judgment should be granted on plaintiff's claim that defendants

ORDER - 5

violated his rights under RLUIPA by providing him with a diet that is also provided to other religious groups.

**4. Purchase of Halal Food with Inmate Funds**

In his objections to the Report and Recommendation, plaintiff contends that he should be permitted the opportunity to purchase halal foods with inmate funds. This civil rights action is not about whether defendants have denied plaintiff the right to purchase halal items from a grocery store with his personal funds.  The issues in this case are limited to whether the Department of Corrections is required to provide plaintiff with a diet that includes meat prepared according to halal requirements, and/or a diet that is prepared by non-Muslims.  Plaintiff's argument regarding purchasing halal foods is therefore without merit in this case.

**5. Conclusion**

Defendants have shown that there are no outstanding material issues of fact and that they are entitled to judgment as a matter of law.  Defendants' motion for summary judgment should be granted.

Therefore, it is hereby **ORDERED** that the Report and Recommendation (Dkt.62) is **ADOPTED.**  Defendants' motion for summary judgment (Dkt. 56) is **GRANTED**.  This case is **DISMISSED WITH PREJUDICE.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address

DATED this 31st day of May, 2007.

                                                Robert J. Bryan
                                                United States District Judge

ORDER - 6